ERIE DISPATCH *v.* JOHNSON & GUINEE.

(*Jackson.* April 4, 1889.)

COMMON CARRIERS. *Contract affecting measure of damages. Not applicable to a conversion.*

The ordinary measure of damages, to wit, the market value of the goods at place of destination, less freights, is applicable to a case where the carrier has been guilty of a conversion, although the bill of lading contain a stipulation that the carrier, in case of loss, shall be liable only for the value of the goods at time and place of shipment. Such stipulation, if valid, does not cover the case of a conversion by the carrier.

Case cited and approved: Dean *v.* Voccaro, 2 Head, 489.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

POSTON & POSTON for Erie Dispatch.

H. C. WARINER for Johnson & Guinee.

CALDWELL, J. Johnson & Guinee were merchants doing business in the city of Memphis. They purchased a car load of lemons in the city of New

York, and put them in charge of the Erie Dispatch, a common carrier, for transportation to Memphis.

This action was brought to recover damages for a failure to deliver the lemons at their destination. Verdict and judgment were for the plaintiffs, and the defendant has brought the case to this Court by writ of error and supersedeas.

The declaration contains two counts, one for breach of contract to deliver the lemons, and the other for conversion.

The trial judge charged the jury that the measure of damages was the value of the lemons in the Memphis market at the time they should have been delivered, less the freight.

This instruction is assigned as error. Learned counsel for the appellant concedes that the instruction would have been correct as applied to a case in which there was no agreement between the contracting parties for a different measure of damages, but he insists that there was such an agreement in this case, whereby it is taken out of that rule.

The bill of lading stipulates that the measure of damages, in case of loss, shall be the value of the lemons in New York at the time of shipment, and the contention of the carrier is that this stipulation constitutes an exception to the rule of law stated by the trial judge, and determines the true criterion for the measure of damages in this case.

This position is not tenable under the facts developed in this record. Though the bill of lading does contain the stipulation just mentioned, that fact could in no event be controlling in this case, because it was clearly shown on the trial that the Dispatch Company had been guilty of a conversion of the lemons by negligently delivering them to a merchant in Louisville, and thereafter contracting with that merchant to sell them and hold the proceeds for its account, which was done.

Without expressing an opinion as to the validity of such a stipulation in the case of an ordinary loss, we hold that it can, by no possible intendment or construction, apply to a case of conversion by the carrier, as this is. In such a case the carrier will not be allowed to receive any protection or advantage from such stipulation. It cannot be concluded from the language used that such a default by the carrier was in the contemplation of the parties when the contract of shipment was made, or that the stipulation was intended to meet a case like the one here presented, therefore this case is entirely without and beyond the scope of that stipulation, and is in no sense affected by it.

There being no dispute about the facts, which we hold constitute a conversion by the carrier, and the stipulation in question having no application where such a default is shown, the general rule of law, as administered in this State, must prevail, and it was proper for the trial judge to ignore that stipulation altogether, and give the jury the law

applicable to a case where the parties have made no agreement whatever with respect to the measure of damages.

The charge is in accord with the rule laid down in *Dean* v. *Voccaro*, 2 Head, 489; Hutchinson on Car., Sec. 769; and Am. and Eng. Ency. of L., Vol. 2, page 905, and cases cited.

Affirmed.